*This opinion is subject to administrative correction before final disposition.*

# United States Navy–Marine Corps Court of Criminal Appeals

Before
GASTON, HOUTZ, and PENNIX
Appellate Military Judges

_____

**UNITED STATES**
*Appellee*

**v.**

**Troy R. TRIBBLE**
Sergeant (E-5), U.S. Marine Corps
*Appellant*

**No. 202100073**

_____

Decided: 14 June 2022

Appeal from the United States Navy-Marine Corps Trial Judiciary

Military Judge:
Kevin S. Woodard

Sentence adjudged 16 December 2020 by a special court-martial convened at Marine Corps Air Station Cherry Point, North Carolina, consisting of a military judge sitting alone. Sentence in the Entry of Judgment: confinement for six months and a bad-conduct discharge.

For Appellant:
*Lieutenant Commander R. Andrew Austria, JAGC, USN*

For Appellee:
*Lieutenant John L. Flynn IV, JAGC, USN*
*Major Kerry E. Friedewald, USMC*

_____

**This opinion does not serve as binding precedent, but
may be cited as persuasive authority under
NMCCA Rule of Appellate Procedure 30.2.**

_____

PER CURIAM:

Appellant was convicted, pursuant to his pleas, of false official statement, aggravated assault, and disorderly conduct in violation of Articles 107, 128, and 134, Uniform Code of Military Justice [UCMJ].[1]

Appellant asserts in his sole assignment of error [AOE] that the Government failed to comply with the plea agreement when it reduced Appellant to paygrade E-1, when no statute or regulation authorized automatic reduction in rank and the terms of the plea agreement disallowed the military judge from imposing reduction in rank. We find no prejudicial error and affirm.

## I. BACKGROUND

The underlying facts of Appellant's crimes are not required to resolve his AOE, other than that they occurred in 2020. Appellant's plea agreement states in pertinent part that "[n]o reduction in rank will be adjudged."[2] At Appellant's trial in December 2020, the military judge sentenced Appellant to six months' confinement and a bad-conduct discharge for the offenses to which Appellant pleaded and was found guilty, noting that "[t]he Court . . . was not authorized to adjudge a reduction [in rank] . . . and the Court did not adjudge [reduction in rank]."[3] The convening authority approved the adjudged sentence in February 2021. The military judge then entered the judgment into the record in March 2021, and the sentence, except for the punitive discharge, was executed.

The following month, as reflected in his Leave and Earnings Statement of April 2021 that was submitted by his appellate counsel, Appellant received pay at the paygrade of E-1.

_____

[1] 10 U.S.C. §§ 907, 928, 934.

[2] Appellate Ex. XI at 7.

[3] R. at 157.

## II. DISCUSSION

We review de novo the interpretation of plea agreements.[4] "Appellant bears the burden of establishing that a term or condition of the agreement was material to his decision to plead guilty, [and] that the Government failed to comply with that term or condition . . . ."[5]

Central to the issue presented is that an automatic reduction in rank was not allowed by law at the time of Appellant's guilty plea, sentencing, and post-trial processing. For offenses committed prior to 1 January 2019—cases not governed by the implementation of the Military Justice Act of 2016—Article 58a, UCMJ, provided that if certain sentencing parameters were met, an automatic reduction to E-1 would occur on the date the convening authority approved the qualifying sentence.[6] However, prior to Appellant's offenses and court-martial, the language of Article 58a was amended to include the caveat: "if such a reduction is authorized by regulation prescribed by the President."[7] As of the writing of this opinion, the President has not delegated authority to the service Secretaries to establish conditions for such automatic reductions. The binding guidance for convictions "for an offense committed on or after 1 January 2019 and before the President has delegated authority to the Secretary to establish conditions for automatic reductions" is that "[a]utomatic reduction in pay grade is not authorized."[8] Appellant's convictions arise from offenses that occurred in 2020. Therefore, any automatic reduction of Appellant's rank to paygrade E-1 was not authorized.

However, the fact that automatic reduction to E-1 was not authorized by law for Appellant's convictions and sentence is a separate issue from whether any remedial action by this Court is required. Article 66, UCMJ, limits this Court to "act only with respect to the findings and sentence as entered into the record" and to "affirm only such findings of guilty, and the sentence or such part or amount of the sentence, as the Court finds correct in law and fact and

---

[4] *United States v. Lundy*, 63 M.J. 299, 301 (C.A.A.F. 2006).

[5] *Id.* at 302.

[6] *See* Article 58a, UCMJ (2016) (stating that a sentence including a dishonorable or bad-conduct discharge, confinement, or hard labor without confinement will result in automatic reduction in rank to paygrade E-1 on the date of approval by the convening authority).

[7] Article 58a, UCMJ (2018).

[8] Dep't of the Navy, Judge Advocate General Instr. 5800.7G, Manual of the Judge Advocate General para. 0154.e.(2) (Feb. 14, 2022).

. . . should be approved."[9] Our superior court has interpreted this language to require a determination of whether the adjudged and approved sentence is both correct in law (e.g., "does not exceed the maximum penalty authorized under the applicable punitive article") and should be approved (e.g., "in light of the underlying facts adduced at trial, to include all the extenuating and mitigating circumstances").[10] The court has further found that these determinations include the power to grant sentence relief based on post-trial confinement conditions.[11] However, the case precedent does not support that Article 66 empowers this Court to resolve pay disputes resulting from an apparent administrative error by the Defense Finance and Accounting Service [DFAS].[12]

Nor need we take such remedial action to resolve Appellant's AOE. Here, insofar as the United States Government acted without authority by paying Appellant at paygrade E-1, it was not due to a violation of the plea agreement. The plea agreement's term that "[n]o reduction in rank will be adjudged" was complied with when the military judge did not adjudge a sentence that included a reduction in rank and the convening authority took no action to approve one.[13] Since Appellant has not shown that the Government failed to comply with that term of the plea agreement, we find his AOE to be without merit. We therefore conclude it is beyond the purview of this Court of limited jurisdiction to take remedial action to resolve what amounts to an administrative pay dispute.[14]

---

[9] Article 66(d)(1), UCMJ.

[10] *United States v. Guinn*, 81 M.J. 195, 199 (C.A.A.F. 2021).

[11] *Id.* at 200.

[12] *See United States v. Guardado*, 79 M.J. 301, 304 (C.A.A.F. 2020) ("[W]e do not have jurisdiction to adjudicate military pay disputes.").

[13] *Cf. United States v. Singleton*, No. 20200279, 2021 CCA LEXIS 327, *5 (A. Ct. Crim. App. June 29, 2021) (unpublished) (correcting the convening authority action and entry judgment, which erroneously and without authorization stated that the appellant was automatically reduced to E-1, and ordering restoration of the rights, privileges, and property of which the appellant had been deprived by same).

[14] To the extent the deprivation of pay to which Appellant is entitled can be considered punishment in excess of the sentence in the Entry of Judgment, we do not believe he is entitled under the circumstances to any modification of that sentence. However, that does not mean Appellant is without recourse to resolve the issue, particularly where the Government has conceded Appellant is entitled to the withheld pay and is working to correct the administrative error. Assuming DFAS has not yet cor-

### III. CONCLUSION

After careful consideration of the record and briefs of appellate counsel, we have determined that the findings and sentence are correct in law and fact and that no error materially prejudicial to Appellant's substantial rights occurred.[15]

The findings and sentence are **AFFIRMED**.

FOR THE COURT:

KYLE D. MEEDER
Clerk of Court

---

rected the issue, Appellant has other avenues for obtaining the relief he seeks, including petitioning DFAS, the United States Court of Federal Claims, or a United States District Court. *See United States v. Allen*, 33 M.J. 209, 215-16 (C.M.A. 1991).

[15] Articles 59 & 66, UCMJ.